United States District Court
Southern District of Texas
**ENTERED**
January 12, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHARLES PLATA, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-15-2436 |
| | § | |
| CHIPOTLE MEXICAN GRILL, INC. and FAIRWAY PADS, LTD., | § § | |
| | § | |
| *Defendants*. | § | |

## ORDER

Pending before the court are the following motions: (1) a motion to dismiss filed by defendant Fairway Pads, Ltd. ("Fairway") (Dkt. 10); (2) a motion to dismiss filed by defendant Chipotle Mexican Grill, Inc. ("Chipotle") (Dkt. 11); and (3) plaintiff Charles Plata's motion to amend (Dkt. 13). After considering the motions, response, replies, and applicable law, the court is of the opinion that Chipotle and Fairway's (collectively, "Defendants") motions to dismiss should be DENIED IN PART AND GRANTED IN PART and Plata's motion to amend should be GRANTED.

### I. BACKGROUND

On July 17, 2015, Plata filed his original petition in state court alleging that he sustained personal injuries on or about July 10, 2015, at a Chipotle restaurant located in Harris County, Texas. Dkt. 1, Ex. 3 at 2. According to Plata, Fairway owned the property that Plata was visiting, and Chipotle owns and/or conducts active operations on the subject premises. *Id*. Plata asserts two causes of action against Defendants: premises liability and negligence. *Id*. at 3.

On August 24, 2015, Defendants removed the lawsuit to this court. Dkt. 1. On October 13, 2015, Defendants filed motions to dismiss Plata's original complaint. Dkts. 10, 11. On November

23, 2015, Plata filed a combined response to the motions to dismiss, and in the alternative, requested leave to amend his original complaint. Dkt. 13. Defendants each filed a reply to Plata's response and motion to amend. Dkts. 14, 15.

## II. LEGAL STANDARD

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555. As part of the *Twombly-Iqbal* analysis, the court proceeds in two steps. First, the court separates legal conclusions from well-pled facts. *Iqbal*, 556 U.S. at 678–79. Second, the court reviews the well-pled factual allegations, assumes they are true, and then determines whether they "plausibly give rise to an entitlement of relief." *Id*. at 679.

## III. ANALYSIS

### A. Defendants' Motions to Dismiss

Defendants argue that Plata failed to adequately plead a claim for either negligence or premises liability. Dkt. 11 at 5. In Texas, when an injury arises on a premises, two potential causes of action generally arise against the premises owner and/or occupier—negligent activity and premises liability. In *Keetch*, the Texas Supreme Court described the distinction between these two

causes of action. *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992). "Recovery on a negligent activity theory requires that the person have been injured by or as a contemporaneous result of the activity itself rather than by a condition created by the activity." *Id*. A premises liability claim, on the other hand, arises when a person is injured by an unreasonably dangerous condition present on the property that the premises owner knew or should have known about, and that the premises owner failed to warn about or make safe. *Id*.

"Although negligent activity and premises liability claims are branches of the same tree, they are conceptually distinct: '[N]egligent activity encompasses a malfeasance theory based on affirmative, contemporaneous conduct by the owner that caused the injury, while premises liability encompasses a nonfeasance theory based on the owner's failure to take measures to make the property safe.'" *Austin v. Kroger Texas L.P.*, 746 F.3d 191, 196 (5th Cir. 2014) (quoting *Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 776 (Tex. 2010)). The Fifth Circuit further recognized that distinguishing these two causes of action can be tricky because "[t]he lines between negligent activity and premises liability are sometimes unclear, since almost every artificial condition can be said to have been created by an activity." *Id*. (quoting *Del Lago*, 307 S.W.3d at 776) (internal quotation marks omitted).

### 1. Premises Liability

Under Texas law, the elements of a premises liability cause of action are:

(1) Actual or constructive knowledge of some condition on the premises by the owner/operator;
(2) That the condition posed an unreasonable risk of harm;
(3) That the owner/operator did not exercise reasonable care to reduce or eliminate the risk; and
(4) That the owner/operator's failure to use such care proximately caused the plaintiff's injuries.

*Keetch*, 845 S.W.2d at 264 (citing *Corbin v. Safeway Stores, Inc.*, 648 S.W.2d 292 (Tex. 1983)).

Plata pleads that while he "was serving himself at the restaurant's beverage station, a tea dispenser (or "tea urn") broke and/or popped open, spilling tea onto Plaintiff and the floor. Plaintiff attempted to move away from the beverage station, but lost his footing on the newly wet floor." Dkt. 1, Ex. 3 at 2. Plata further alleges that the tea dispenser malfunctioned and caused injury to Plata as a result. Although he cannot state the precise mechanism by which the tea dispenser malfunctioned, Plata has alleged that he, himself, did not cause the malfunction. Assuming these allegations are true, the court finds that it may reasonably infer that there was a condition on the premises that posed an unreasonable risk of harm, that one or both Defendants failed to exercise reasonable care to reduce or eliminate the risk, and their failure to do so proximately caused Plata's injuries.

Defendants argue that this claim must be dismissed because Plata failed to include any factual allegations to support his conclusory statement that Defendants had actual or constructive knowledge of the condition. Dkt. 10. at 8; Dkt. 11 at 7. While the court agrees that Plata's conclusory statements should not carry the presumption of truth under *Iqbal*, the court finds that Plata's complaint otherwise sufficiently alleges facts that make it plausible that one or both Defendants had, at a minimum, constructive knowledge that the tea dispenser was not working properly and could therefore cause a spill. *See Iqbal*, 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." (citations omitted)).

At this stage, where no discovery has been conducted, Plata is not required to present (i) the precise reason(s) for why the tea dispenser malfunctioned, or (ii) definitive proof that Defendants

had actual or constructive knowledge of the alleged malfunctioning tea dispenser. Based on the nature of Plata's factual allegations, it appears that evidence on these material points will be addressed at trial. "In order to overcome a Rule 12(b)(6) motion, a plaintiff's complaint should 'contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference may fairly be drawn that evidence on these material points will be addressed at trial.'" *Jenkins v. De La Paz*, 124 F. App'x 265, 267 (5th Cir. 2005) (quoting *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995)). Accordingly, Defendants' motions to dismiss are DENIED with respect to Plata's premises liability claim.

### 2. Negligent Activity Claim

When the court assumes all of Plata's well-pled factual allegations as true, these facts cannot plausibly give rise to an entitlement of relief for Plata's negligent activity claim. The court's ruling is guided by decisions rendered by the Texas Supreme Court and the Fifth Circuit. In *Keetch*, the plaintiff slipped on a waxy substance in the floral department of a grocery store thirty (30) minutes after one of defendant's employees had sprayed a substance on the plants nearby. 845 S.W.2d at 264. Plaintiff argued that the spraying gave rise to a negligent activity claim separate from the premises liability claim. *Id*. The Texas Supreme Court found that these facts only supported a claim for premises liability, not negligent activity, because the plaintiff was not injured by the activity of spraying, only the condition created by it. *Id*.

In *Austin,* the plaintiff also slipped on an oily substance on the floor, which was caused by a condenser unit that sprayed the substance on the floor. *Austin*, 746 F.3d at 197. In that case, the Fifth Circuit adopted the Texas Supreme Court's approach in *Keetch*, holding that "[e]specially considering that many Texas courts have taken a similar approach . . . we conclude that Austin cannot pursue both a negligent activity and a premises defect theory of recovery based on the same

injury." *Id.* Accordingly, the Fifth Circuit upheld the district court's dismissal of plaintiff's negligent activity theory of recovery, reasoning that "while [plaintiff] 'may have been injured by a condition created by the [condenser unit] spraying,' the 'spraying itself' was not the source of his injury." *Id*. at 196 (quoting *Keetch*, 845 S.W.2d at 264).

A negligent activity claim requires a plaintiff to show that he was injured by an affirmative, contemporaneous action by the owner/operator that caused the injury. Plata is claiming injury from an allegedly defective premises condition (i.e., a wet floor caused by a malfunctioning tea dispenser). Plata's complaint does not contain any facts related to an activity Defendants engaged in, much less facts that could establish that Plata was injured by an affirmative, contemporaneous activity. Based on the currently pled facts, the only conceivable negligent activity would be Defendants' prior negligent handling of the tea dispenser. Plata does not allege that Defendants were negligently operating the tea dispenser at the moment of his injury or that the tea dispenser itself caused his injury. Accordingly, as in *Austin* and *Keetch*, Plata's alleged injuries appear to be "properly conceived as resulting from a condition on the premises rather than an ongoing activity." *Id.* at 196. Therefore, even if Defendants' prior negligent handling of the tea dispenser created a dangerous condition that caused Plata's injury, this would be insufficient to support a negligent activity claim. *See Austin* at 776 (noting that almost every artificial condition can be said to have been created by an activity, but emphasizing that a negligent activity claim requires proof of negligence at the time of plaintiff's injury). None of Plata's alleged facts allow this court to reasonably infer that Plata was injured as a result of either defendant's contemporaneous, affirmative conduct. Defendants' motions to dismiss are therefore GRANTED as to Plata's negligent activity claim.

### B. Fairway's Additional Arguments

In addition to the arguments discussed above, Fairway contends that it leased away any

relevant legal right of control over the premises to Chipotle and therefore cannot be held liable under the Texas "no-duty" doctrine applicable to non-possessory premises owners. Dkt. 11 at 4. Texas law holds that a premises owner who leases the premises to another generally owes no duty to the tenant or its invitees. *Johnson Cty. Sheriff's Posse v. Endsley*, 926 S.W.2d 284, 285 (Tex. 1996). However, there are three accepted exceptions to the lessor no-duty rule as to the lessee's invitees: (1) when the lessor negligently makes repairs to the premises; (2) when the lessor conceals defects in the premises of which it is aware; and (3) for injuries caused by defects that remain under the lessor's control. *Id*. Therefore, Fairway argues that Plata's premises liability claim should be dismissed because Plata failed to allege facts to support one of the exceptions to the no-duty rule. Dkt. 15 at 3.

In his complaint, Plata admits that Fairway is the owner of the premises and that Chipotle conducts operations on the premises. Dkt. 1, Ex. 3 at 2. However, the complaint makes no mention of a lease. Nor does the complaint allege that Fairway relinquished control of the premises to Chipotle. In fact, the complaint alleges that "Defendants, as owners and/or occupiers of the premises, with control over the premises, had a duty to inform Plaintiff of the dangerous condition and make safe the defective condition on Defendants' premises." *Id*. at 3. Fairway's no-duty argument relies solely on its own representation in its response that "there is a lease agreement that provides Fairway Pads exercised no control over the premises leased to Chipotle." Dkt. 15 at 2.

The court agrees with Plata that the question of whether Fairway had sufficient control over the premises at the time of the incident "relies on matters outside the scope of the pleadings" and that Plata should not be charged with knowledge of Defendants' private contractual relationships in advance of any discovery. Dkt. 13 at 4. Accordingly, Plata's complaint adequately states a premises

liability claim against Fairway. Fairway's motion to dismiss is therefore DENIED with respect to Plata's premises liability claim.

### C. Plata's Motion to Amend

Plata requests leave to amend his complaint to the extent the court finds any defects in his pleadings. Dkt. 13 at 5. A court has discretion to decide whether to grant leave to amend. *State of La. v. Litton Mortg. Co.*, 50 F.3d 1298, 1302–03 (5th Cir. 1995). Generally, leave should be "freely given when justice so requires." Fed. R. Civ. P. 15(a). However, denial of leave to amend may be warranted for undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies, undue prejudice to the opposing party, or futility of a proposed amendment. *See Rosenblatt v. United Way of Greater Hous.*, 607 F.3d 413, 419 (5th Cir. 2010). With regards to Plata's negligent activity claim, Defendants assert that leave to amend would be futile because "[t]here is no imaginable set of facts Plaintiff could add to his complaint that could support a plausible claim . . . that an act or omission by Chipotle caused [Plaintiff] injury separate from the allegedly defective premises condition." Dkt. 14 at 4; Dkt. 15 at 1. Because this is Plata's first request for leave to amend, the court will allow Plata to replead his negligent activity claim. However, if Plata fails to allege new facts to support this claim (i.e., that an affirmative, contemporaneous action by Chipotle or Fairway caused injury to Plata) by January 26, 2016, the court will dismiss Plata's negligent activity claim with prejudice.

## IV. CONCLUSION

Defendants' motions to dismiss (Dkts. 10, 11) are GRANTED IN PART AND DENIED IN PART. As currently pled, Plata's complaint fails to state a claim for relief under a negligent activity theory of recovery. Accordingly, Plata's negligent activity claim is DISMISSED WITHOUT PREJUDICE TO REFILING. Defendants' motions are DENIED in all other respects. Plata's motion to amend is GRANTED. Plata has until January 26, 2016 to replead his negligent activity claim.

It is so **ORDERED**.

Signed at Houston, Texas on January 12, 2015.

_____
Gray H. Miller
United States District Judge